```
IN THE UNITED STATES DISTRICT COURT
   FOR THE MIDDLE DISTRICT OF GEORGIA
              MACON DIVISION
```

MORRIS JEROME CLARINGTON,

                Plaintiff

      VS.

SGT. HAYES, *et. al.*,

                Defendants

**NO. 5:07-CV-388 (CWH)**

**PROCEEDINGS UNDER 42 U.S.C. § 1983
BEFORE THE U.S. MAGISTRATE JUDGE**

# O R D E R

In the court's order of October 31, 2007 (Tab #9), plaintiff MORRIS JEROME CLARINGTON was advised, *inter alia*, of the following:

### *DUTY TO PROSECUTE ACTION*

*Plaintiff is advised that he must diligently prosecute his complaint or face the possibility that it will be dismissed under Rule 41(b) of the FEDERAL RULES OF CIVIL PROCEDURE for failure to prosecute. Defendants are advised that they are expected to diligently defend all allegations made against them and to file timely dispositive motions as hereinafter directed. This matter will be set down for trial when the court determines that discovery has been completed and that all motions have been disposed of or the time for filing dispositive motions has passed.*

Later, on February 15, 2008, plaintiff CLARINGTON was directed to file a response to defendants' MOTION TO COMPEL PLAINTIFF TO RESPOND TO DEFENDANTS' FIRST INTERROGATORIES TO PLAINTIFF. Tab #17. This order directed plaintiff to file a response on or before February 29, 2008. That date has long since passed without any response being filed by plaintiff to either defendants' interrogatories or the court's order..

Thereafter, on July 24, 2008, the undersigned directed plaintiff CLARINGTON to SHOW CAUSE why his case should not be dismissed for failure to prosecute the action. Tab #18. Plaintiff was cautioned therein that his failure to respond would result in a recommendation of dismissal. The order directed plaintiff to comply WITHIN TEN (10) DAYS of receipt of the order. That time period has also passed without any response being filed by plaintiff.

Clearly, plaintiff CLARINGTON has failed to comply with the court's order of October 31, 2007, requiring diligent prosecution, the court's order of February 15, 2008, requiring him to respond to a defendants' motion, and the court's July 24, 2008 order to show cause why the case should not be dismissed for failure to prosecute. Under such circumstances, dismissal *with prejudice* is appropriate. IT IS SO ORDERED.

The Clerk is directed to serve the plaintiff with a copy of this order by mailing it to him at the **LAST ADDRESS** provided by him.

SO ORDERED AND DIRECTED, this 13th day of AUGUST, 2008.



CLAUDE W. HICKS, JR.
UNITED STATES MAGISTRATE JUDGE